IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RICHARD A. MORTON, KRIS D. PUIG, and PAUL A. LISTER, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No. CIV-06-88-F ) |
| WATCO COMPANIES, INC., and STILLWATER CENTRAL RAILROAD, INC., | ) ) ) ) |
| Defendants. | ) ) |

**ORDER**

Before the court is Defendant Watco Companies, Inc.'s Motion to Dismiss/Motion for Summary Judgment Pursuant to F.R.C.P. 12(b)(1), 12(b)(6) & 56. Plaintiffs filed a response, and the matter is now at issue.[1]

Plaintiffs brought the present action pursuant to the Railway Labor Act, 45 U.S.C. §§ 151, *et seq.* ("RLA") and Oklahoma common law alleging they were wrongfully terminated for engaging in organizational activity and advocating in favor of unionization. Defendant Watco Companies, Inc. ("Watco") filed the present motion, arguing that plaintiffs' claims against it should be dismissed because it is not a carrier under the RLA and because it was not plaintiffs' employer.

---

[1] Watco filed a reply, which was stricken for failure to first obtain leave as required by 7.2(h). Watco then filed a motion for leave which granted leave to file a reply not later than April 21, 2006. No reply brief was filed. Accordingly, this issue will be addressed on the basis of the above noted pleadings.

Prior to addressing the merits of Watco's motion, the court must determine the appropriate standard of review. Plaintiffs assert their RLA claim creates subject matter jurisdiction in this court pursuant to 28 U.S.C. § 1331. Watco argues that because it is not a carrier as defined by the RLA, the basis for the court's jurisdiction is lacking. Accordingly, Watco's assertion that it is not a carrier is brought pursuant to Fed. R. Civ. P. 12(b)(1). According to Watco, because the factual matters necessary to resolve the issue are not intertwined with the merits of the case, the court may rely on matters outside the Complaint without converting the matter into a Fed. R. Civ. P. 56 motion. Plaintiffs disagree, arguing that determining whether Watco is a carrier under the RLA involves resolution of factual matters that are intertwined with the merits of their wrongful termination claim and therefore can only be determined under Rule 56 standards.

The Tenth Circuit has established the analysis to be applied in resolving this issue:

> First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint. In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true.
>
> Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1).

Holt v. United States, 46 F.3d 1000, 1002-03 (10th Cir. 1995) (citations omitted).

Here, Watco challenges the facts upon which the court's subject matter jurisdiction depends. Therefore, the court will consider the evidentiary materials

attached to the parties' briefs. The next question is whether the court must consider the issues pursuant to Rule 12(b)(1), or as if brought pursuant to Rule 12(b)(6). *See id.* at 1003 ("[A] court is required to convert a Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion or a Rule 56 summary judgment motion when resolution of the jurisdictional question is intertwined with the merits of the case."). "Jurisdictional finding of genuinely disputed facts is inappropriate when 'the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits' of an action." Sun Valley Gasoline, Inc. v. Ernst Enters., Inc., 711 F.2d 138, 139 (9th Cir. 1983) (quoting Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir. 1983)).

Plaintiffs' claims are based on wrongful termination under the RLA for seeking to form a union at their workplace and/or wrongful termination in violation of Oklahoma public policy pursuant to Burk v. K-Mart Corp., 770 P.2d 24 (Okla. 1989). Thus, as to the RLA-based claim, the statute that gives rise to the claim also establishes a basis for the court's jurisdiction. Therefore, to the extent the motion challenges the RLA claim, it must be considered pursuant to Rule 12(b)(6) or converted to a motion for summary judgment pursuant to Rule 56. *See* Holt, 46 F.3d at 1003 ("The jurisdictional question is intertwined with the merits of the case if subject matter jurisdiction is dependent on the same statute which provides the substantive claim in the case.") (citing Wheeler v. Hurdman, 825 F.2d 257, 259 (10th Cir. 1987)).

The same result obtains with respect to plaintiffs' Burk claim, but for a different reason. Watco argues it was not plaintiffs' employer and therefore cannot be held liable on a Burk theory. That issue does not raise questions about the court's power to decide the claim, but whether plaintiffs have stated a claim, which if proven, would entitle them to relief. Thus, the challenge to the Burk claim is not properly

brought pursuant to Rule 12(b)(1) but 12(b)(6). Because the parties have attached materials which go beyond the Complaint, the court must disregard those materials or convert the matter into a motion for summary judgment.[2] Here, given the nature of the issues to be decided and the fact that both parties have supplied evidentiary materials outside the Complaint, the court concludes that the questions should be considered under Fed. R. Civ. P. 56.

Watco argues that it is not a carrier under the RLA. Rather, according to Watco, it owns Defendant Stillwater Central, Inc., and that is its only connection to plaintiffs' claims in this case. In response, plaintiffs argue Watco falls within the statutory definition of carrier set out at 45 U.S.C. § 151. In pertinent part, that statute states:

> The term "carrier" includes . . . any company which is directly or indirectly owned or controlled by or under common control with any carrier by railroad and which operates any equipment or facilities or performs any service (other than trucking service) in connection with the transportation, receipt, delivery, elevation, transfer in transit, refrigeration or icing, storage, and handling of property transported by railroad . . . .

Watco argues that it does not meet this definition because it owns a carrier rather than being owned by a carrier. In response, plaintiffs argue that the persons making the decisions for Watco and the carrier are essentially the same and therefore Watco falls within the "under common control with any carrier" portion of the definition. In support of their position, plaintiffs provide the court with copies of an Employer Status Determination issued by the Railroad Retirement Board. Viewed in the light

---

[2] Normally, the court must give the parties notice prior to converting a 12(b)(6) motion into a Rule 56 motion. However, in this instance the parties are clearly aware that the matter may be considered under Rule 56. Watco's motion provides argument in support of a Rule 56 motion, and plaintiffs argue in their response for consideration of the matter under Rule 56. Accordingly, the court concludes that it may proceed under Rule 56 without additional notice to either party.

most favorable to plaintiffs, this document supports plaintiffs' argument, as do several other documents proffered by plaintiffs – at least to the extent necessary to raise a fact issue which the court cannot ignore under Rule 56.  Countering this evidence, Watco has offered the affidavit of its Executive Vice President which states in a conclusory fashion that Watco is not a carrier.  The bald statement in the affidavit is insufficient to eliminate a fact issue.  To prevail on summary judgement, the moving party must establish "the absence of any genuine issue as to a material fact."  Mustang Fuel Corp. v. Youngstown Sheet & Tube Co., 561 F.2d 202, 204 (10th Cir. 1977).  Here, Watco has failed to meet its burden and its motion as to the RLA will be denied.

As for plaintiffs' Burk claims, Watco argues that they cannot survive because there was no "termination of employment," plaintiffs having never been Watco employees.  Plaintiffs argue questions of fact remain as the employee handbook and other documents given to employees suggest Watco is in fact an employer.  Plaintiffs argue that key Watco officers and employees were involved in making key decisions about the wrongs complained of herein.  Finally, plaintiffs note that in proceedings before the National Mediation Board other Watco carriers have taken the position that their employees are actually employees of Watco and in fact received their pay from Watco.

The Oklahoma Supreme Court has set out the criteria that must be met to establish a claim under Burk:

> We clarify the parameters of the *Burk* tort.  First, plaintiff must identify an Oklahoma public policy goal that is clear and compelling and is articulated in existing Oklahoma constitutional, statutory or jurisprudential law. . . .  Second, plaintiff must establish he or she is an at-will employee and the reason for his or her discharge violates the identified Oklahoma public policy goal.

5

Clinton v. State ex rel. Logan County Election Bd., 29 P.3d 543, 546 (Okla. 2001). Here, it is only the second element, whether or not plaintiffs were employees, that is challenged. When viewed in the light most favorable to plaintiffs, the evidentiary materials they supplied demonstrate questions of fact remain on this issue. However, plaintiffs' Burk claim may survive for an additional reason. As noted above, plaintiffs have provided evidence which if proven would demonstrate a substantial sharing of ownership, control, and corporate officers between Watco and Stillwater Central railroad. Under Oklahoma law, "[i]f one corporation is simply the instrumentality of another corporation, the separation between the two may be disregarded and treated as one for the purpose of tort law." Oliver v. Farmers Ins. Group of Cos., 941 P.2d 985, 987 (Okla. 1997). Because plaintiffs' Burk claim sounds in tort, if they establish the claim against Stillwater Central and establish the assertions of common control, they would be entitled to recover from Watco even absent an employer/employee relationship. The documentation before the court, some of which, interestingly enough, is from Watco itself,[3] is sufficient to preclude a determination, under the stringent Rule 56 standard, that, as a matter of law, Watco may not be determined to have been plaintiffs' employer. Accordingly, summary judgment is inappropriate and Watco's challenge to the Burk claim will be denied.[4]

---

[3] It would seem that, if Watco had wanted to avoid submitting itself to the tender mercies of a jury on the question of whether it is the plaintiff's employer, it would have resisted the temptation to publish an employee handbook referring to "Watco Companies, Inc." as the employing entity.

[4] Of course, what is not resolved by the Order is whether the RLA provides an adequate remedy and thereby forecloses the Burk claim altogether. See Clinton, 29 P.3d at 546 ("When a statutory remedy adequately accomplishes the goal of protecting Oklahoma public policy, a common law remedy is not needed.").

As set forth more fully herein, Defendant Watco's motion must be analyzed pursuant to the standards applicable to Fed. R. Civ. P. 56. Because plaintiffs have demonstrated the existence of disputed material facts, Defendant Watco Companies, Inc.'s Motion to Dismiss/Motion for Summary Judgment Pursuant to F.R.C.P. 12(b)(1), 12(b)(6) & 56 (doc. no. 11) is **DENIED**. Plaintiffs' Alternative Rule 56(f) Motion (doc. no. 18) is **DENIED as moot**.

IT IS SO ORDERED this 7th day of June, 2006.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

06-0088p004 (pub).wpd