## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

RICHARD A. MORTON, et al..,          )
                                     )
                  Plaintiffs,        )
                                     )
-vs-                                 )          Case No. CIV-06-88-F
                                     )
WATCO COMPANIES, INC.,               )
et al.,                              )
                                     )
                  Defendants.        )

## ORDER

Before the court is Plaintiffs' Motion for Partial Summary Judgment, filed November 7, 2006 (doc. no. 36), to which defendants have responded.  Upon due consideration of the parties' submissions, the court makes its determination.

Plaintiffs bring this action pursuant to the Railway Labor Act, 45 U.S.C. §§151, *et seq*. ("RLA") and Oklahoma common law alleging that they were wrongfully terminated for engaging in organizational activity and for advocating in favor of a unionization.  The Oklahoma common law claim is premised upon Burk v. K-Mart Corp., 770 P.2d 24 (Okla. 1989), wherein the Oklahoma Supreme Court  recognized a cause of action in tort against an employer whose at-will employee "is discharged for refusing to act in violation of an establish and well-defined public policy or for performing an act consistent with a clear and compelling public policy."  *Id*. at 29.[1]

---

[1]The Burk claim is an exception to the employment-at-will doctrine, firmly embedded in Oklahoma common law, which permits an employer to terminate an at-will employee for any reason or no reason without incurring liability to the employee.  McCrady v. Oklahoma Dept. of Public Safety, 122 P.3d 473, 474-475 (Okla. 2005).  "It applies only to a narrow class of cases and must be tightly circumscribed."  *Id*. at 475.

Earlier in this proceeding, defendants filed a motion seeking to dismiss, or in the alternative, for entry of summary judgment on both of plaintiffs' claims. The court denied the motion. However, in its discussion regarding the Burk claim, the court noted:

> Of course, what is not resolved by the Order is whether the RLA provides an adequate remedy and thereby forecloses the Burk claim altogether. *See*, Clinton [v. State ex rel. Logan County Election Bd., 29 P.3d 543, 546 (Okla. 2001)].

Order dated June 7, 2006 (doc. no. 24), p. 6, n. 4.

In their motion, plaintiffs seek an order from the court declaring that their Burk claim is not preempted or displaced by the RLA.[2] Plaintiffs contend that their remedy under the RLA is not an adequate remedy for their termination because the current state of the law is uncertain as to whether emotional distress damages or punitive damages are recoverable under the RLA. Because such damages are available for a Burk claim and the RLA remedy may not provide plaintiffs with such damages, plaintiffs contend that they should be permitted to pursue their Burk claim.

In Clinton v. State ex rel. Logan County Election Bd., 29 P.3d 543 (Okla. 2001), the Oklahoma Supreme Court addressed the question of whether the existence of a federal statutory remedy precludes a Burk claim. In reaching its decision, the court stated:

---

[2]Plaintiffs argue that the Burk claim is not preempted or displaced by the RLA based upon two grounds: (1) the interpretation of the claim does not rest upon an interpretation of a collective bargaining agreement; and (2) plaintiffs' remedy available under the RLA is not adequate. Defendants do not quarrel with or even address the first ground. The court need not address this ground in light of the Tenth Circuit's decision in Davies v. American Airlines, Inc., 971 F.2d 463 (10th Cir. 1992), concluding that a wrongful discharge claim which does not require interpretation of a collective bargaining agreement is not preempted by the RLA. Therefore, the question before the court is whether the Burk claim is foreclosed in light of the existence of a remedy under the RLA.

The purpose of the public policy exception to the at-will-employment doctrine is to protect the state's public policy in the context of at-will employment . . . The *Burk* tort protects Oklahoma's public policy by ensuring there is a strong disincentive to any Oklahoma employer who might wish to discharge an at-will employee where the reason for the discharge violates Oklahoma's clear and compelling public policy.

When a statutory remedy adequately accomplishes the goal of protecting Oklahoma public policy, a common law remedy is not needed.  While a federal statute cannot by itself serve as a statement of Oklahoma policy, a federal statutory remedy may be as effective as an Oklahoma statutory remedy that is sufficient to protect Oklahoma public policy. Accordingly, we hold the existence of a federal statutory remedy that is sufficient to protect Oklahoma public policy precludes the creation of an independent common law claim based on a public policy exception to the employment-at-will doctrine.

*Id*. at 546.  The court further stated that "the initial determination of the adequacy of the statutory remedy [is a question] of law to be resolved by the court."  *Id*.

Upon careful consideration, the court concludes that it cannot, on the papers before it, properly decide whether the remedy under the RLA is adequate to protect Oklahoma public policy and consequently precludes plaintiffs' <u>Burk</u> claim.  In their motion, plaintiffs assert that the district courts across the country have diverged on whether emotional distress damages or punitive damages are recoverable under the RLA and that the Tenth Circuit has yet not addressed the issue.  The court concludes that whether emotional distress damages or punitive damages are available to plaintiffs under the RLA, under the facts and  circumstances of this particular case, should be addressed prior to any decision as to whether the remedy under the RLA is adequate and forecloses any <u>Burk</u> claim.  Plaintiffs simply expect the court to assume that such damages would not be recoverable.  The court is not inclined to issue any decision as to adequacy of a remedy under the RLA based upon possible facts and circumstances.

3

Moreover, the court also notes that the parties, in their papers, have not specifically delineated what remedy is available to plaintiffs under the RLA for their termination.  In the court's view, the parties have not provided sufficient information for the court to determine whether the remedy under the RLA is adequate to protect Oklahoma public policy.

On the state of the record, the court declines to declare whether the remedy under the RLA is adequate to protect Oklahoma public policy and thus foreclose plaintiffs' Burk claim.

Accordingly, Plaintiffs' Motion for Partial Summary Judgment, filed November 7, 2006 (doc. no. 36), is **DENIED**.

DATED December 7, 2006.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

06-0088p007(pub).wpd