**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| RICHARD A. MORTON, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| -vs- | ) Case No. CIV-06-88-F |
| | ) |
| WATCO COMPANIES, INC., et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

During the trial of plaintiffs' claims under the Railway Labor Act, an issue arose as to the standard of proof with respect to plaintiffs' punitive damages claim. Defendants argued that the "clear and convincing evidence" standard applied, relying upon Schlang v. Key Airlines, Inc., 794 F. Supp. 1493 (D. Nev. 1992). In Schlang, two airline pilots filed a complaint alleging that the defendant airline had wrongfully terminated their employment in violation of the Railway Labor Act. The pilots also alleged several state law claims. The district court found in favor of the pilots on their claims under the Railway Labor Act and awarded the pilots punitive damages in the amount of $500,000.00. These damages were awarded jointly and severally against the airline and certain officers. In awarding punitive damages, the district court stated:

> The anti-union activities of Key [Airlines, Inc. ("Key")] and Key's Management activities in violation of the Railway Labor Act shown by the evidence in this case cry out for remedy. The anti-union activities in this case are not merely unfair labor practices as Key argues, but blatant, grievous, wilful, deliberate and repeated violations of the Railway Labor Act. Key's violation of the Railway Labor Act *have been proven by clear and convincing evidence*, Key acting through Coleman Andrews,

> James Bridges, William Swaim, Thomas Kolfenbach and Steven Wilson, maliciously, wilfully and deliberately attempted and intended to stamp out any cockpit crew members' union before it could come into being. Especially in the absence of compensatory damages, this Court must exercise its equitable powers to punish Key for anti-union conduct as shown aforesaid for its Railway Labor Act violations. The law must be vindicated!

Schlang, 794 F. Supp. at 1511 (emphasis added). Although the district court apparently applied a "clear and convincing evidence" burden of proof, it cited no authority for use of the "clear and convincing" standard, and provided no explanation as to its use. Moreover, while the case was on appeal, the pilots and the airline reached a settlement, as a result of which the court of appeals granted the parties' joint motion to dismiss their appeals. The pilots and airline then filed a joint motion to vacate the district court's decision and judgment. *See*, Schlang v. Key Airlines, Inc., 158 F.R.D. 666 (D. Nev. 1994). The district court granted the motion vacating the decision and judgment "to the extent that punitive damages were awarded against Defendants." *Id*. at 671. The vacatur undermines any authoritative value the district court's decision might otherwise have.[1]

The preponderance of the evidence standard is "generally applied in federal civil trials." 2 L. Schlueter, Punitive Damages, § 5.3(H)(1)(5th ed. 2005). In re Exxon Valdez, 270 F.3d 1215 (9th Cir. 2001) is cited in support of the quoted statement. The Ninth Circuit in this admiralty case found that the standard of proof was preponderance of the evidence. In reaching its decision, the Ninth Circuit stated that

---

[1] In a preliminary jury instruction conference with the undersigned's law clerk, defendants also cited Riley v. Empire Airlines, Inc., 823 F. Supp. 1016, 1023 (N.D.N.Y. 1993), which discussed and relied upon Schlang. This decision, however, was rendered before the decision in Schlang v. Key Airlines, Inc., 158 F.R.D. 666 (D. Nev. 1994), vacating the punitive damages award. Moreover, the court notes that the court in Riley did not address the burden of proof required for proving punitive damages for violations of the Railway Labor Act.

the standard of proof generally applied in federal civil cases is preponderance of the evidence. It also pointed out that the Supreme Court in Pacific Mut. Life Ins. Co. v. Haslip, 499 U.S. 1, 23 n. 11 (1991), noted that the preponderance of the evidence standard was constitutionally permissible. In Haslip, the Supreme Court specifically stated:

> We have considered the arguments raised by Pacific Mutual and some of its *amici* as to the constitutional necessity of imposing a standard of proof of punitive damages higher than "preponderance of the evidence." There is much to be said in favor of a State's requiring, as many do, see, *e.g.*, Ohio Rev.Code Ann. § 2307.80 (Supp.1989), a standard of "clear and convincing evidence" or, even, "beyond a reasonable doubt," see Colo.Rev.Stat. § 13-25-127(2) (1987), as in the criminal context. We are not persuaded, however, that the Due Process Clause requires that much. We feel that the lesser standard prevailing in Alabama-"reasonably satisfied from the evidence"-when buttressed, as it is, by the procedural and substantive protections outlined above, is constitutionally sufficient.

499 U.S. 1, 23 n. 11.

The recommended punitive damages instruction in the Modern Federal Jury Instructions also uses the preponderance of the evidence standard "in accordance with the great weight of federal authority." 4 Hon. Leonard B. Sand, *et al.*, Modern Federal Jury Instructions, Inst. 77-5 and Comment at 77-27 (2007). One of the cases constituting the great weight of federal authority is Karnes v. SCI Colorado Funeral Services, Inc. ,162 F.3d 1077 (10th Cir. 1998). In that case, the Honorable Robert H. Henry, writing for the Tenth Circuit panel, concluded that the standard of proof for punitive damages in Title VII actions is the preponderance of the evidence standard. *Id*. at 1082. Judge Henry stated that there were several sources of federal law suggesting that punitive damages should be governed by the preponderance of the evidence. In particular, he cited Price Waterhouse v. Hopkins, 490 U.S. 228 (1989), wherein the Supreme Court rejected the clear and convincing standard for an

3

affirmative defense to a Title VII claim (the same decision affirmative defense).  In rejecting that standard, the Supreme Court plurality noted that "[c]onventional rules of civil litigation generally apply in Title VII cases, and one of these rules is that parties to civil litigation need only prove their case by a preponderance of the evidence." Price Waterhouse, 490 U.S. at 253.  In discussing Price Waterhouse, Judge Henry stated:

> Although *Price Waterhouse* does not directly address the burden of proof for establishing a punitive damages claim, its reasoning suggests that such a claim, which seeks nothing "more dramatic than . . . money damages," *id.*, does not warrant an exception to the traditional preponderance of the evidence rule.

162 F.3d at 1081.

In light of the vacatur of the decision and judgment awarding punitive damages in Schlang v. Key Airlines, Inc., 794 F. Supp. 1493 (D. Nev. 1992), and based upon the above-discussed authority applying the preponderance of the evidence standard for punitive damages claims, the court concluded, and remains persuaded, that the preponderance of the evidence standard governed plaintiffs' claims for punitive damages.

Entered this 18th day of September, 2007.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

06-0088p031.wpd